IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY BURNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CV 125-009 |
| | ) |
| TYRONE OLIVER, Commissioner, | ) |
| Georgia Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Riverbend Correctional Facility, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following transfer of this case from the Middle District of Georgia, (doc. nos. 6, 7, 9),[1] the case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** and this civil action be **CLOSED**. The Court further **REPORTS** and **RECOMMENDS** Petitioner's motion to appoint counsel, (doc. no. 2), motion to stay case, (doc. no. 3), and motion for evidentiary hearing or demand for release, (doc. no. 10), be **DENIED** as **MOOT**.

---

[1] Petitioner's objection to transfer of this case to the Southern District of Georgia is meritless. (See doc. no. 15.) Venue is proper in this District because it is the district where Petitioner was "convicted and sentenced." See 28 U.S.C. §2241(d).

**I.     BACKGROUND**

Petitioner challenges his 1998 convictions in the Superior Court of McDuffie County, Georgia, for murder, aggravated assault, and possession of a firearm during the commission of a felony.  (Doc. no. 1, pp. 2, 19).  To his petition, he attached a legal brief, (id. at 18-27), and additional documentation from an open records request about his underlying criminal proceedings.  (id. at 28-30).  Petitioner asks the Court to quash the "false indictment," issue an order setting aside the guilty verdicts, and/or order his release from "illegal imprisonment."  (Id. at 16.)

Petitioner is well-known to the Court as a serial filer of habeas corpus petitions.[2]  Whether by habeas corpus petition or improper civil rights action, Petitioner has made *at least* thirteen attempts, that this Court is aware of, to challenge his state convictions.  See Burnett v. Davis, CV 123-173, doc. no. 6, p. 3 (S.D. Ga. Dec. 14, 2023) (discussing Petitioner's prior filing history), *adopted by* doc. no. 9 (S.D. Ga. Jan. 5, 2024); see also Burnett v. State Bd. of Pardons and Paroles, CV 120-117, doc. no. 13 (S.D. Ga. Sept. 22, 2020) (discussing increasing number of attempts to challenge McDuffie County convictions), *adopted by* doc. no. 23 (S.D. Ga. Nov. 6, 2020).  The District Court dismissed Petitioner's most recent habeas corpus petition filed in 2023 because Petitioner did not receive authorization to file a successive petition from the Eleventh Circuit Court of Appeals.  See CV 123-173, doc. nos. 6, 9.  Petitioner does not allege he has since requested or received such authorization from the Eleventh Circuit Court of Appeals.  Indeed, the District Court recently refused to issue a Certificate of Appealability to allow Petitioner to challenge the

---

[2] A court may take judicial notice of its own records.  United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

dismissal of Petitioner's last successive petition from 2023. Id., doc. no 20; see also Burnett v. Chatman, No. 10-11297-H, slip op., p. 1 (11th Cir. July 6, 2010) (denying Petitioner's motion for a Certificate of Appealability).

## II.   DISCUSSION

### A.   Petitioner Has Filed a Second or Successive Petition Without First Obtaining Authorization from the Eleventh Circuit Court of Appeals

Because Petitioner filed a prior application for a federal writ of habeas corpus, and there has been no new judgment intervening since the first federal application, the current application is successive. See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1267 (11th Cir. 2020). The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's

restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit). Accordingly, the instant petition should be dismissed.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**. The Court further **REPORTS** and **RECOMMENDS** Petitioner's motion to appoint counsel, (doc. no. 2), motion to stay case, (doc. no. 3), and motion for evidentiary hearing or demand for release, (doc. no. 10), be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA