IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ANTHONY BURNETT,                      *
                                      *
        Petitioner,                   *
                                      *
        v.                            *          CV 125-009
                                      *
TYRONE OLIVER, Commissioner,          *
Georgia Department of                 *
Corrections,                          *
                                      *
        Respondent.                   *

_____

**O R D E R**

_____

The case at bar is closed. (Doc. 23.) Presently before the Court are Petitioner's motion for reconsideration and motion to amend his motion for reconsideration. (Docs. 25, 26.) Petitioner filed his motion for reconsideration in response to the Court's April 1, 2025 Order ("Order") denying a certificate of appealability ("COA"), dismissing the petition, denying as moot Petitioner's motion to appoint counsel, motion to stay, and motion for evidentiary hearing or demand for release, and closing this case. (Doc. 25.) The Court considers Petitioner's motion for reconsideration and motion to amend and **DENIES** them for the reasons set forth below.

The relevant background is set forth in the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 18.) In the R&R, the Magistrate Judge recommended the Court dismiss Petitioner's § 2254

petition and close the action because Petitioner "filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals." (Id. at 4.)  In his motions, Petitioner provides details regarding his 1998 convictions and related proceedings in the Superior Court of McDuffie County, Georgia. (Doc. 25; Doc. 26, at 1-2.)  However, Petitioner offers no arguments relevant to the Court's reason for dismissal — lack of authorization from the Court of Appeals — that support a request for reconsideration.  The motions merely rehash old arguments and contain no newly discovered evidence or exhibits relating to the claims.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.").  Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).  It is well established that "additional facts and arguments that should have been raised

2

in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Petitioner fails to note under which rule he brings this action; as such, it is up to the Court to determine. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule

59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Petitioner filed his motion fourteen days following entry of the Order; thus, the Court analyzes Petitioner's motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

The Court found Petitioner's objections did not provide an adequate basis to reject the R&R, so the Court adopted it in its Order. (Doc. 23, at 1.) The current motions' assertions do not change this decision. Petitioner does not satisfy the requirements set forth above for reconsideration because he has not shown a change in controlling law, new evidence has become available, or a need to correct clear error or prevent manifest injustice. He merely rehashes old arguments already known to the Court.

For these reasons, Petitioner's motion for reconsideration (Doc. 25) and motion to amend the motion for reconsideration (Doc. 26) are **DENIED**.  This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 25ᵗʰ day of November, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA